McKinney, J.,
delivered the opinion of the Court.
This was an action of ejectment, brought by the plaintiff, Martha Johnson, to recover a tract of land of 640 acres, situate in Hickman county.
To establish her title, the plaintiff offered in evidence the transcript of a record of the Superior Court of law of Hills-borough District, North Carolina, purporting to be a proceeding for the partition of the real estate of Thomas Pearson, deceased, the uncle of the plaintiff.
It appears from the proof, that said Thomas Pearson died intestate, and without issue, in North Carolina, in the year 1800. He was the owner, at the time of his death, of a large real estate, situate partly in Tennessee, but chiefly in North Carolina. In 1802, his heirs at law, including the plaintiff and her husband, William Johnson, who was then living, filed their petition in the court before mentioned, for the division amongst them of the lands lying in North Carolina; no mention being made in the petition of the lands in Tennessee. Commissioners were appointed, according to the prayer of the petition, who proceeded to make partition as well of the lands in Tennessee, as of the lands in North Carolina; and to the plaintiff and her husband jointly, was allotted, among other lands, the tract of 640 acres lying in Tennessee, in controversy in the present action.
The report of the division was returned by the commissioners; and the transcript of the record shows that, at the April Term, 1805, “ On motion, it was ordered by the Court, that the said report be confirmed, and that the same be recorded.” There is no decree, vesting the title in the heirs, in severalty, to the lands allotted to them respectively.
It further appears that the coverture of the plaintiff continued till 1852, when William Johnson, her husband, died; and this action was commenced in less than three years from the time of his death.
His Honor, the Circuit Judge, instructed the jury, that the proceeding of the Court of North Carolina, partitioning *559 the lands amongst the heirs of the intestate, -was inoperative to vest the plaintiff with a title in severalty to the entire tract of land in Tennessee, sued for in this action; hut that she was entitled to recover her fractional share of said tract, as one of the heirs at law of the intestate; and the jury found accordingly.
This instruction was unquestionably correct. Passing by the want of authority on the part of the commissioners, to make partition of the lands in Tennessee, which were not embraced in the petition, it is a well established principle of international law, “that a foreign court cannot, by its judgment or decree, pass the title to land situate in another country/’ Story’s Conflict of Larrs, sec. 543.
It is certainly true, that a court of equity may entertain a hill for the specific performance of a contract respecting land situate in a foreign country, if the parties are resident within the territorial jurisdiction of the court. In such case, although the court cannot bind the land itself by the decree, it can hind the conscience of the party in regard to the land, and enforce him, by process against his person, to perform his agreement. But the decree is merely in personam, and not in rem. Still, the want of power to act upon the land, or to enforce the decree in rem, is no objection to the jurisdiction to act upon the person, and in that mode compel an execution of the contract according to equity and good conscience. 2 2 Story’s Eq. Jur., secs. 743, 744.
But this does not help the plaintiff’s case. The proceeding of the Court of North Carolina, if it be anything, is purely a proceeding in rem. What would have been the legal effect of a decree of the court, based upon the partition, divesting and vesting the title, in severalty, pursuant to the allotments made by the commissioners, we need not now stop to consider, as no such decree seems to have been made. There is no error in the record.
Judgment affirmed.